CITY OF MILWAUKEE, Respondent, v. ZURICH, Appellant.*

*January 8—February 6, 1962.*

* Motion for rehearing denied, with $25 costs, on April 3, 1962.

470

For the appellant there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Frederick Hersh.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Patrick J. Madden,* assistant city attorney, and oral argument by *Mr. Madden* and by *Mr. Harvey G. Odenbrett,* assistant city attorney.

GORDON, J. The respondent contends that the storage of furniture along the east-west corridor on the fifth floor of the appellant's hotel constituted a violation of sec. 47–14 of the Milwaukee Code of Ordinances. This ordinance provides in part as follows:

"It shall be unlawful for any person, firm, or corporation owning, leasing, or otherwise in charge of any building or structure to obstruct any exit, stairway, passageway, door, or window either by the storage of material, or by barricade, or in any other manner which blocks free access thereto so as to interfere with the safe egress of occupants in case of fire or other emergency."

The appellant's first contention is that the respondent failed to prove that there was any affirmative act done by Mr. Zurich relative to the fifth-floor passageway. Up to January 29, 1961, the appellant had in his employ a painter, one of whose jobs was to paint rooms on the fifth floor of the hotel. There is strong circumstantial evidence to sustain a conclusion that the painter, as an agent of the appellant, stored the furniture along the east-west corridor in the course of his employment.

The appellant also contends that the judgment cannot be sustained because the respondent failed to prove that he had notice of the furniture's being stored in the corridor. There is nothing in the ordinance which requires notice; never-

theless, there could be circumstances in which the owner might not be liable without some type of notice, such as in the case of a guest's barricading a door without authorization. However, here there is sufficient evidence to support findings that the painter as an agent of the appellant had stored the furniture along the corridor wall at least two days before the fire and that it had been allowed to remain there until discovered by the firemen. The appellant would then be chargeable with constructive notice of the storage. In Restatement, 1 Agency (2d), p. 591, sec. 272, it is stated:

". . . the liability of a principal is affected by the knowledge of an agent concerning a matter as to which he acts within his power to bind the principal." See also *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 77, 85 N. W. (2d) 772.

Finally appellant argues that the furniture placed along the corridor did not constitute a violation of the ordinance. The testimony is uncontradicted that approximately three feet of the corridor remained clear and unobstructed. The appellant argues persuasively that the passageway was of sufficient width so that the stored furniture did not *block free access* thereto in a manner which would have interfered with the safe egress of occupants in case of fire.

The clear purpose of the ordinance is to insure that occupants of buildings have a safe path of progress in case of fire or other emergency. To accomplish this purpose the ordinance prohibits certain acts on the part of building owners which would interfere with the safe movement of the occupants. The ordinance makes it unlawful for a building owner "to obstruct" a passageway, but it only prohibits such obstruction if it "blocks free access" in a manner which would "interfere with the safe egress of occupants in case of fire." The ordinance contemplates within its proscriptive

terms those obstructions which block safe passage. As we construe the ordinance, the issue here is whether the furniture stored along the corridor wall could be held to have constituted such a block.

Ch. Ind 57, 3 Wis. Adm. Code, contains certain rules of the industrial commission which are applicable to hotels. Sec. Ind 57.10 provides in part:

"Every public passageway leading to an exit shall be at least three feet wide. The required width shall be kept clear and unobstructed at all times."

Pursuant to sec. 328.021 (2), Stats., we must take judicial notice of this administrative rule. Under sec. 101.10 (4), the industrial commission has been empowered by the legislature to fix standards for the safety of frequenters of places of employment and, more particularly, under sec. 101.01 (11), this covers the setting of standards for the "reasonable means of . . . egress and escape in case of fire."

Because the three-foot width of unobstructed passageway in the case at bar meets the minimum standard set by the industrial commission, we hold that as a matter of law there was no violation of ordinance sec. 47–14. The three feet of unobstructed corridor may not be considered to constitute a blockage of safe egress when the state of Wisconsin is committed to a formal declaration that the same width is a reasonable standard of safety for egress in the event of fire.

*By the Court.*—Judgment reversed.

HALLOWS, J., dissents.